**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEVEN BRADLEY MELL**, <br><br> Plaintiff, <br><br> v. <br><br> **THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,** *et al.*, <br><br> Defendants. | Civil Action No. 25-1515 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

  **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendants The Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively, "Defendants"). ("Motion," ECF No. 6.) Defendants submitted a Brief in support of their Motion. ("Moving Br.," ECF No. 6-1.) *Pro se* Plaintiff Steven Bradley Mell ("Mell" or "Plaintiff") filed a Brief in Opposition ("Opp'n Br.," ECF No. 7), to which Defendants submitted a Reply ("Reply Br.," ECF No. 8).

  The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Motion.

1

I.      **BACKGROUND AND PROCEDURAL HISTORY**

The information below is taken from the Complaint and the documents upon which Plaintiff relies in his Complaint.[1]

Plaintiff maintained a disability insurance policy (the "Policy") with Defendants for almost three decades. (Compl. ¶ 9.) The policy Plaintiff selected included a provision permitting continuation of coverage with increased premiums beyond age 65. (*Id.*)

The Policy provided a 31-day grace period for a delinquent policyholder to pay overdue premiums. (Moving Br. at 3; Moving Br., Ex. A at 7.) If an overdue premium was not paid by the end of the grace period, the Policy would lapse. (*Id.*) If a Policy lapsed, it permitted Plaintiff to seek reinstatement of the Policy. (*Id.*) The Policy set forth conditions for valid reinstatement: (1) the policyholder must complete an application; (2) the policyholder must pay all overdue premiums; and (3) Defendants must approve the policyholder's reinstatement application. (*Id.*)

Plaintiff concedes he failed to pay the premium for the Policy in April 2024. (Compl. ¶ 10.) Defendants thereafter mailed correspondence to Plaintiff, indicating that the Policy could be reinstated without penalty if payment was made by October 1, 2024 (the "June 2024 Correspondence"). (*Id.*; Moving Br., Ex. B.) The June 2024 Correspondence read:

> Please be advised that you have six months from the premium due date to *apply* for reinstatement of this policy. In most states, if the policy is reinstated, a new period of contestability will commence as to statements in the reinstatement application. In addition, the reinstated policy will only cover loss resulting from such accidental injury as may be sustained after the date of reinstatement and loss due to such sickness as may begin after such date. Please refer to the policy's reinstatement provision for specific information.

---

[1] The Court is permitted to consider "document[s] integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Plaintiff references the Policy in his Complaint, so the Court may consider it even though he failed to include a copy of the Policy with his Complaint. The Court also considers correspondence Defendants sent to Plaintiff articulating how he could remedy the lapse in coverage.

> We sincerely hope that you will consider *applying* for reinstatement of your policy. If you would like to request an *application* for reinstatement, please email us at dicustomerservices@glic.com. Please provide the policy number(s) you are looking to reinstate, and we will email the application(s) back to you within 2 business days.

(Moving Br., Ex. B (emphasis added).)

Plaintiff, with his daughter's assistance, mailed a check to Defendants on October 1, 2024. (Compl. ¶ 11.) Defendants initially cashed Plaintiff's check, but later refunded the payment, indicating that Defendants received the check after the October 1, 2024 deadline to reinstate. (*Id.* ¶ 12.)

Plaintiff alleges that the Policy's terms include a provision requiring Defendants to send an application to reinstate the Policy if nonrenewal occurred.[2] (*Id.* ¶ 16.) Plaintiff alleges that he made several reinstatement requests to Defendants, and not once did Defendants provide nor mention a reinstatement application.[3] (Compl. ¶ 16.)

Defendants attach the Policy to their Moving Brief. In relevant part, the Policy reads:

> **Reinstatement**
>
> If this policy has lapsed at the end of the grace period, you can still keep it in force by paying the first overdue premium within 45 days of the time it was due.
>
> After that, you can reinstate this policy under the following conditions:
>
> - You must complete an application.
> - You must pay all overdue premiums, for which we will issue a conditional receipt.
> - We will place this policy back in force on the date we approve your application. But if we have not approved or refused your application in writing within 45 days after we have given a receipt, this policy will be reinstated on that 45th day. If we refuse to place this policy back in force, we will refund your premium.

---

[2] Plaintiff does not point out a specific provision of the Policy that supports this statement.
[3] Plaintiff does not provide any proof of correspondence between himself and the Defendants requesting reinstatement.

> In any case, this policy will be reinstated on the date that we or our agent accept a premium and do not ask for an application.

(Moving Br., Ex. A at 10.)

Plaintiff filed his Complaint on February 2, 2025, asserting: breach of contract (Count I); various violations of New Jersey Insurance Laws (Count II); and breach of the implied covenant of good faith and fair dealing (Count III). (*Id.* ¶¶ 21–34.)

## II.   SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

## III.   LEGAL STANDARD

A district court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. When considering a motion under 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Moreover, the court must accept as true all the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added).

## IV.   DISCUSSION

Defendants move to dismiss the Complaint, asserting that Plaintiff "ignores the [P]olicy's unambiguous conditions precedent to reinstatement." (Moving Br. at 1.) Defendants contend that Plaintiff could reinstate the Policy by: (1) completing an application; (2) paying all overdue premiums; and (3) obtaining Defendants' approval of the reinstatement application. (*Id.*)

Plaintiff counters, arguing that Defendants' June 2024 Correspondence constituted an offer, and he accepted that offer upon sending the check for outstanding premium on October 1, 2024. (Opp'n Br. at 2.) Additionally, Plaintiff insists that Defendants were obligated to provide a reinstatement application to him, but failed to do so. (*See id. generally*.)

### A.   COUNT I

To plead a claim for breach of contract under New Jersey law, a plaintiff must allege "(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties."[4] *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*,

---

[4] The parties' briefing assumes without analysis that New Jersey law governs this contract matter whose subject matter jurisdiction is premised on diversity. Although the Policy is heavily redacted such that no choice of law provision was provided, it does appear to contemplate New Jersey law insofar as it includes a specific "New Jersey Amendatory Rider." (ECF No. 6-2 at 12.) Accordingly, for the purposes of this Motion, the Court applies New Jersey substantive law while applying federal law to its procedural issues. *See Collins v. Mary Kay, Inc.*, 874 F.3d 176, 181–82 (3d Cir. 2017).

210 F. Supp. 2d 552, 561 (D.N.J. 2002); *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) ("Our law imposes on a plaintiff the burden to prove four elements: first, that '[t]he parties entered into a contract containing certain terms'; second, that 'plaintiff[s] did what the contract required [them] to do'; third, that 'defendant[s] did not do what the contract required [them] to do[,]' defined as a 'breach of the contract'; and fourth, that 'defendant[s]' breach, or failure to do what the contract required, caused a loss to the plaintiff[s]' " (quoting N.J. Model Civil Instr. 4.10A (May 1998))). A party to the contract "violates the terms of a contract by failing to fulfill a requirement enumerated in the agreement." *Woytas v. Greenwood Tree Experts, Inc.*, 206 A.3d 386, 392 (N.J. 2019).

Here, as a threshold matter, the parties concede that there was a valid contract between the parties—the Policy. But Plaintiff did not do what the contract required him to do: pay the premium amount due on April 1, 2024. In the June 2024 Correspondence indicating that Defendants had not received Plaintiff's premium due April 2024, Defendants advised Plaintiff that he had "six months from the premium due date [until October 1, 2024] to *apply* for reinstatement" of the Policy. (Moving Br. at 4–5 (quoting Ex. B).) Additionally, this correspondence also provided instructions as to how Plaintiff could email and request an application for reinstatement. (*Id.*)

The Policy is clear and unambiguous: it could be reinstated with the completion of a reinstatement application. (*Id.* at 7, Ex. A.) Defendants did not offer to reinstate the Policy in its June 2024 Correspondence; Defendants merely provided clarification as to the proper procedure to reinstate the Policy. Because Plaintiff does not allege that he completed a reinstatement application, nor submitted one to Defendants, Count I fails and will be dismissed.

**B.     COUNT II**

Plaintiff asserts that Defendants violated New Jersey Administrative Code Sections 11:1-20.2(i) and (j). (Compl. ¶ 26.) However, as Defendants point out, these statutes do not apply to the Policy. These sections apply to commercial policies. *See* N.J.A.C. § 11:1-20.1. In fact, Section 11:1-20.1(a) specifically states that these sections do not apply to "accident and health insurance." Disability insurance—like the Policy, here—is classified as health insurance under New Jersey law. *See* N.J.S.A. 17B:17-4.

Because the sections of the administrative code Plaintiff relies upon in Count II of his Complaint do not apply to the Policy, Count II will also be dismissed.

**C.     COUNT III**

Plaintiff also asserts that Defendants breached the Policy or otherwise acted unreasonably by failing to provide him with a copy of the reinstatement application. (Compl. ¶¶ 16–17, 23, 28–34.) Here too, Plaintiff's allegations fall short.

First, Defendants were not obligated by the Policy's terms to provide Plaintiff with a copy of the reinstatement application. (*See* Moving Br., Ex. A generally.) Furthermore, Plaintiff does not identify which provision of the Policy requires Defendants to supply a copy of the application to him. *See Grande Vill. LLC v. CIBC Inc.*, Civ. No. 14-3495, 2015 WL 1004236, at *5 (D.N.J. Mar. 6, 2015) (dismissing breach of contract claim where plaintiffs could not identify what contractual provision was breached).

Second, the June 2024 Correspondence clearly shows that Defendants advised Plaintiff that he was required to submit a reinstatement application. (Compl. ¶ 16; Moving Br., Ex. B.) Defendants even provided instructions to Plaintiff as to how he could obtain a reinstatement application. (*Id.*)

Third, Plaintiff does not allege that Defendants accepted and retained Plaintiff's overdue premium payment. The Policy provides that, regardless of whether a reinstatement application was completed, the Policy would be reinstated if Defendants accepted a premium but failed to ask for a reinstatement application. (Moving Br., Ex. A at 7.) Here, Plaintiff specifically alleges that Defendants "refus[ed] to accept Plaintiff's payment." (Compl. ¶ 23.)

As such, Count III for breach of the implied covenant of good faith and fair dealing will be dismissed.

## V.  CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendants' Motion to Dismiss. (ECF No. 6.) Counts I, II, and III will be dismissed without prejudice. Plaintiff will be given leave to file an Amended Complaint, limited to addressing the deficiencies identified herein, within 30 days.[5] An appropriate Order will follow.

Date: December 16, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[5] Plaintiff indicates in his Opposition Brief that he was incarcerated when the Policy lapsed. (*See* Opp'n Br. at 2, 3, 13–15, 18–20.) However, Plaintiff fails to include this in his Complaint. The Court therefore cannot consider the facts surrounding Plaintiff's incarceration. *See In re Burlington Coat Factory*, 114 F.3d at 1424–25. To the extent Plaintiff wishes the Court to consider those facts, Plaintiff should consider including them in an Amended Complaint.